# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID ROBIN WHITMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-412-M |
| | ) | |
| PEGGY HAUNG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has filed a complaint under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Pursuant to an order entered by Chief United States District Judge Vicki Miles LaGrange, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Defendants have filed a motion to dismiss/motion for summary judgment, to which Plaintiff has responded. Thus, the matter is at issue and ready for disposition. For the following reasons, it is recommended that summary judgment be granted in favor of Defendants.

## I. BACKGROUND

Plaintiff is an Oklahoma inmate who is currently housed at the Lawton Correctional Facility. Petition, 1. By this action, Plaintiff seeks damages and injunctive relief based on a misconduct offense issued on May 25, 2009, for failure to obey an order. Special Report, Ex. 5. Named as Defendants are Peggy Haung, appeal and grievance review officer; Mrs. Plume, disciplinary hearing officer; Captain Ralph Ford; Lt. Jones; Deputy Warden Mark

Bowen; Warden David Miller; and Sgt. Ellington.

On June 17, 2009, Plaintiff was convicted of the offense and received punishment in the form of disciplinary segregation for 20 days, reduction to classification level one for 60 days, and a fine of $10.00. Special Report, Ex. 7. Upon routine review, the facility head affirmed Plaintiff's disciplinary conviction the following day. Id. Plaintiff appealed on grounds that he was not permitted to present relevant witnesses or witness statements. Special Report, Ex. 8. On September 23, 2009, the facility head again affirmed the discipline. Id. at Ex. 9. However, upon review by the administrative review authority on February 22, 2010, a rehearing was ordered and it was directed that Plaintiff receive a copy of the statement of his requested witness 24 hours before the hearing. Id. at Ex. 10. A rehearing was held on February 26, 2010, and Plaintiff was again found guilty and the same punishment was imposed. Id. at Ex. 11. However, the facility head dismissed the misconduct offense on March 5, 2010. Id. at Exs. 11 and 12.

On January 8, 2010, before the administrative review authority ordered a rehearing, Plaintiff filed a petition for judicial review of his misconduct conviction. Case No. CV-2010-24, District Court of Oklahoma County; Plaintiff's Response to Motion to Dismiss, Ex. E. Prior to the rehearing order, the Oklahoma Department of Corrections requested and over Plaintiff's objection received an order staying consideration of the petition for judicial review pending preparation and receipt of a special report. Plaintiff's Response to Motion to Dismiss, Ex. B-1, B-2, and F. On March 8, 2010, the Oklahoma Department of Corrections reported to the state district court that the misconduct offense had been dismissed on March

5, 2010, and responded to the petition for judicial review by arguing that the dispute was now moot. See Special Report, Ex. 16, p. 1-2. The state district court found the case to be moot and denied Plaintiff any further relief. Id. at 2; Special Report, Ex. 15. Plaintiff then appealed to the Oklahoma Court of Criminal Appeals, arguing that he should receive all the money he lost in payment of court fees and costs as a result of filing the petition for judicial review. Special Report, Ex. 16, p. 3. Case Nos. REC-2010-320, REC-2010-384, and REC-2010-402, Oklahoma Court of Criminal Appeals (June 18, 2010). The Oklahoma Court of Criminal Appeals denied relief on two bases: (1) the statute authorizing judicial review of disciplinary convictions specifically states that no recovery is allowed for costs and fees; and (2) by statute, all fees and costs collected by the Oklahoma Department of Corrections shall be returned to the prisoner if there is a finding in favor of the petitioner. Id. at 3-4 (citing Okla. Stat. tit. 57, §§ 564.1(F) and 566.4 (I)). With regard to the latter, the Court noted that Plaintiff had not shown that he had been denied reimbursement of these fees and costs by exhausting his administrative remedies. Id. at 4.

## II. DISCUSSION

Defendants move for dismissal or summary judgment on several grounds.[1] Because the undersigned has considered the evidentiary materials submitted by the parties, the motion will be treated as a motion for summary judgment. For the following reasons, the

---

[1]Defendants have raised Plaintiff's alleged failure to exhaust administrative remedies and the doctrine of res judicata as grounds in support of their motion to dismiss. Although the recommended disposition makes it unnecessary to specifically address these grounds, Defendants' decision to include them in the motion is perplexing to say the least.

undersigned finds that Plaintiff's challenge to his disciplinary conviction fails to implicate a protected liberty interest and thus he fails to allege the violation of any constitutional right. Therefore, the Court is not required to consider whether the disciplinary proceedings comported with due process. See e.g., Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir.1996).

### A. SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. Calhoun v. Gaines, 982 F.2d 1470, 1472 (10th Cir. 1992); Manders v. Oklahoma, 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." Id.

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Rather, the moving party initially bears the burden only of " 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id., at 325. Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. Id. at 324. The

4

nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement  Anderson, 477 U.S. at 256.  Rather,  Fed. R. Civ. P. 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324.

**B.  UNDISPUTED FACTS**

Based upon the complaint, the Special Report[2] and the evidentiary material appended thereto, the following material facts are uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to Plaintiff.  Immaterial facts and facts not properly supported by the record are omitted.

On June 17, 2009, Plaintiff was convicted of a misconduct offense for failure to obey an order. Special Report, Ex. 7.  Failure to obey an order is a Class A offense, and there are no mandatory sanctions for such an offense. See Special Report, Exs. 7, 11; Ex. 3, p. 16.  As discipline, Plaintiff received disciplinary segregation for twenty days, demotion to classification level 1 for 60 days, and a $10.00 fine. Special Report, Ex. 7.  Plaintiff appealed his disciplinary conviction, and on February 22, 2010, the administrative review authority ordered a rehearing and remanded the matter with instructions. Special Report, Ex. 10.  A rehearing was conducted on February 26, 2010, and Plaintiff was again found guilty and the same punishment was imposed.  Special Report, Ex. 11.  On March 5, 2010, the facility head

---

[2]The Special Report has been treated as an affidavit.  See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (explaining the role of a Special Report in summary judgment proceedings).

5

conducted a review and dismissed the charge. Special Report, Exs. 11 and 12. On January 8, 2010, before the rehearing was ordered, Plaintiff filed a petition for judicial review of the disciplinary conviction. Plaintiff's Response to Motion to Dismiss, Ex. E. On March 8, 2010, the state district court denied relief on grounds that the case was moot. See Special Report, Ex. 15, p. 2. The Oklahoma Court of Criminal Appeals affirmed on June 18, 2010. Special Report, Ex. 16.

**C. ANALYSIS**

In Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the United States Supreme Court held that although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause ... these interests will be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." As previously noted, the sanctions received by Plaintiff as a result of the disciplinary conviction consisted of a total of 20 days of segregation, a reduction in credit level for 60 days, and a ten dollar fine. No earned credits were lost. The Court in Sandin made it clear that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law," and therefore only disciplinary measures which "inevitably affect the duration of [the inmate's] sentence" will be found to create a liberty interest sufficient to invoke the procedural protections of the Due Process Clause. Sandin, 515 U.S. at 485-87. Plaintiff has not shown that the discipline imposed upon him-time in segregation, reduction

6

in credit level and fines-implicated any liberty or property[3] interest, and so Defendants are entitled to summary judgment.

Because an inmate has no constitutionally protected liberty interest in the opportunity to earn good time credits, he has no liberty interest in any particular classification level. Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006) (an inmate "has no constitutionally-protected liberty interest in earning ... credits.); Davis v. Ward, No. 03-6034, 92 Fed. Appx. 634, 636 (10th Cir. Feb. 9, 2004)[4] (misconduct conviction did not "inevitably affect the duration of [inmate's] sentence" because prison officials retain the discretion to assign and reassign inmates to a particular class level, after considering a number of different factors); see also Wilson v. Oklahoma, No. 09-6058, 335 Fed. Appx. 783, 785 (10th Cir. June 30, 2009) ("Mr. Wilson is merely arguing for a right to the possibility of earning credits at a higher rate and early release. No such right exists under the Constitution.") (citing

---

[3] Plaintiff has failed to allege that the $10.00 fine was ever deducted from his account or, if so, that it was not returned upon dismissal of the misconduct offense charge. In his petition for review in the state district court, his requested relief included restoration of "the lost funds of $10.00," Special Report, Ex. 14, p. 4. However, that appears to be the last reference to the fine in Plaintiff's complaint, brief, and exhibits herein. In Plaintiff's declaration in opposition to the motion for summary judgment, he alleges lost property only in the form of the costs of his administrative appeal, filing fee for the state petition for judicial review, copies, and postage – the fine is not mentioned. If the fine was never deducted from Plaintiff's account, or was deducted and then restored upon dismissal of the charge, he was not deprived of any property in connection with the fine's imposition. See Special Report, Ex. 12. Thus, although the Tenth Circuit has indicated that imposition of a fine in connection with a disciplinary offense conviction can give rise to a property interest protected by the Due Process Clause, that issue apparently need not be decided here. See Anderson v. Cunningham, No. 08-1349, 319 Fed. Appx. 706, 710 (10th Cir. Mar. 30, 2009) (fine could implicate a protected property interest); Jones v. Cowley, Nos. 91-6271, 91-6283, 1991 WL 252667, at *2 (10th Cir. Nov. 26, 1991) ($15.00 fine implicates property interest).

[4] This unpublished decision and any others cited herein are cited as persuasive authority pursuant to Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979)). Because the decrease in classification level was not mandatory upon conviction of this Class A offense, the misconduct conviction did not reduce Plaintiff's credit earning class in a manner that "inevitably affect[ed] the duration of his sentence." Cf. Wilson v. Jones, 430 F.3d 1113, 1120 (10th Cir. 2005) ("as a direct result of the Class X misconduct conviction, Mr. Wilson was automatically demoted from a level-four credit earning classification to level one."). Therefore, the 60 day reduction in Plaintiff's classification level as a result of his disciplinary conviction did not violate his due process rights.

The Court in Sandin also held that a sentence of thirty days in disciplinary segregation did not rise to the level of punishment invoking the guarantees of the Due Process Clause. 515 U.S. at 483-84. Thus, Plaintiff's twenty-day sentence to disciplinary segregation likewise does not invoke the guarantees of the Due Process Clause. Accordingly, even if the misconduct proceedings were procedurally defective, it is undisputed that no liberty interest was implicated. See Jones v. Cowley, Nos. 91-6271, 91-6283, 1991 WL 252667, *4 (10th Cir. Nov. 26, 1991) ("The mere expectation of receiving a state afforded process does not itself create an independent liberty interest protected by the Due Process Clause."). In light of the foregoing, it is recommended that Defendants' motion for summary judgment be granted.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the motion for summary judgment of Defendants Miller, Haung, Bowen, Jones, Ellington, Ford and Plume [Doc. No.

23] be granted. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 15, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

**ENTERED this 25th day of October, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE